PER CURIAM.
The appellant was convicted of the crime of breaking and entering and sentenced to five years imprisonment on May 7, 1955. On October 23rd of that year he escaped from confinement. Defendant was convicted and sentenced to ten years in the state prison for the crime of escape. Subsequently, he was sentenced for other crimes and is now confined in the state prison. This appeal is from a denial of a petition pursuant to Rule 3.850, CrPR, 33 F.S.A., addressed to the escape conviction.
The trial court denied evidentiary hearing upon the ground that appellant was not presently incarcerated under the escape sentence. There are many cases in the Reporter which support the position of the trial judge; however, the State has filed a confession of error in which it suggests that the requirment has been changed by more recent cases. Based upon the decisions in the cases of United States v. Tucker, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972), and Pair v. State, Fla.App.1973, 275 So.2d 581, we find that it was error to deny appellant an evidentiary hearing. This cause is remanded' to the trial court for an evidentiary hearing to determine whether appellant’s allegation that he was unconstitutionally deprived of counsel is well-founded, and if so appellant’s motion shall be granted.
Reversed and remanded.